UNITED STATES DISTRICT COURT
EASTERN DISCTRICT OF NEW YORK
-------------------------------------------------------------X
ROBERTO GOMEZ,                                                                  Case No.

                            Plaintiff,                                  **COMPLAINT**
   -against-

BELLACICCO DISTRIBUTION CORP.,                              **Jury Trial Demanded**
MICHAEL WEEKS and MICHAEL WEEKS JR.,

                           Defendants.
-------------------------------------------------------------X

       Plaintiff Roberto Gomez ("Plaintiff" or "Gomez") alleges against Bellacicco Distribution Corp ("Bellacicco"), Michael Weeks ("Weeks"), and Michael Weeks Jr. ("Weeks Jr.") (collectively, "Defendants") upon information and belief, as follows:

### NATURE OF THE CLAIMS

1. Plaintiff Gomez was employed by the Defendants as a non-exempt employee from February 1, 2018 to February 23, 2020. Plaintiff Gomez would work from 8 p.m. to 4 a.m.(8 hours per day) six days per week, and was paid $450 per week ($9.37 per hour) solely in cash.

2. Defendants maintained a pattern and practice of failing to pay Plaintiff Gomez, the proper and promised minimum wage rate for all hours worked, the overtime rate of one-and-one half (1 ½) times the regular hourly rate/applicable minimum wage rate for all hours worked in excess of forty per week.

3. Defendants regularly paid Plaintiff Gomez a flat weekly salary, in cash, for all hours worked, including hours over forty. This payroll scheme is an obvious and willful avoidance of Defendants' obligation to pay minimum wage and overtime, as required under state and federal law.

1

4. Defendants also failed to furnish annual wage notices and wage statements and failed to maintain an accurate record keeping of hours worked and wages paid to Plaintiff Gomez and similarly situated employees.

5. Defendants have systematically and repeatedly ignored the requirements of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and the New York Labor Law § 190, *et seq.* ("NYLL"). Plaintiff Gomez seeks relief for Defendants' unlawful actions, including compensation for unpaid minimum wages, overtime wages, liquidated damages, pre- and post-judgment interest, compensatory damages, and attorneys' fees and costs, pursuant to the FLSA and NYLL.

6. Plaintiff Gomez also seeks to recover damages to redress the injuries he suffered as the result of being retaliated against by Defendants for complaining about improper pay practices and his misclassification as an independent contractor in violation of NYLL § 215.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

8. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391 as Plaintiff resides in this district and because Defendants' businesses are located in this district.

9. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## **PARTIES**

10. Plaintiff Gomez was and is a resident of Queens County, New York.

11. At all times relevant to this action, Plaintiff Gomez has been an employee of Defendant Bellacicco, within the meaning of the FLSA and NYLL Corporation Defendant.

12. Defendant Bellacicco was and is a domestic business corporation organized under the law of the State of New York, with principal place of business located at 105-35 180th Street Jamaica, NY 11433.

13. Defendant Bellacicco is a business or enterprise engaged in interstate commerce within the meaning of the FLSA.

14. . Defendant Bellacicco has an annual gross volume of sales in excess of $500,000.

15. At all times relevant to this action, Defendant Bellacicco has been an employer of Plaintiff Gomez within the meaning of the FLSA and NYLL.

16. Defendant Weeks, upon information and belief, was and is a resident of State of New York.

17.  At all times relevant to this action, Defendant Weeks served as an owner and/or manager of Defendant Bellacicco.

18. At all times relevant to this action, Defendant Weeks was Plaintiff's supervisor and/or manager during his employment with the Defendants.

19. Defendant Weeks possesses or possessed operational control and policy-making authority, an ownership interest, or significant control of Defendant Bellacocco.

20. Defendant Weeks exercised control over the employment terms and conditions of the Plaintiff. Defendant Weeks had and exercised the power and authority to (i) fire and hire,

(ii) determine the rate and method of pay, (iii) determine work schedules and (iv) otherwise affect the quality of employment of the Plaintiff.

21. At all times, employees could complain to Defendant Weeks directly regarding any of the terms of their employment, and Defendant Weeks would have the authority to effect any changes to the quality and terms of employees' employment. Defendant Weeks exercised functional control over the business and financial operations of Defendant Bellacicco.

22. Employees of Defendant Bellacicco could complain to Defendant Weeks directly regarding any of the terms of their employment, and Defendant Weeks would have the authority to effect any changes to the quality and terms of their employment.

23. The acts of Defendant Bellacicco in this Complaint were authorized, directed or accomplished by Defendant Weeks individually, by himself or his agents, officers, employees or representatives, while actively engaged in the management of Defendant Bellacicco.

24. Defendant Weeks is personally and jointly and severally liable for the violations of the FLSA and NYLL by Defendant Bellacicco.

25. Defendant Weeks Jr., upon information and belief, was and is a resident of State of New York.

26. At all times relevant to this action, Defendant Weeks Jr. served as an owner and/or manager of Defendant Bellacicco.

27. At all times relevant to this action, Defendant Weeks Jr. was Plaintiff's supervisor and/or manager during his employment with the Defendants.

28. Defendant Weeks Jr. possesses or possessed operational control and policy-making authority, an ownership interest, or significant control of Defendant Bellacicco.

29. Defendant Weeks Jr. exercised control over the employment terms and conditions of the Plaintiff. Defendant Weeks Jr. had and exercised the power and authority to (i) fire and hire, (ii) determine the rate and method of pay, (iii) determine work schedules and (iv) otherwise affect the quality of employment of the Plaintiff.

30. At all times, employees could complain to Defendant Weeks Jr. directly regarding any of the terms of their employment, and Defendant Weeks Jr. would have the authority to effect any changes to the quality and terms of employees' employment. Defendant Weeks Jr. exercised functional control over the business and financial operations of Defendant Bellacicco.

31. Employees of Defendant Bellacicco could complain to Defendant Weeks Jr. directly regarding any of the terms of their employment, and Defendant Weeks Jr. would have the authority to effect any changes to the quality and terms of their employment.

32. The acts of Defendant Bellacicco in this Complaint were authorized, directed or accomplished by Defendant Weeks Jr. individually, by himself or his agents, officers, employees or representatives, while actively engaged in the management of Defendant Bellacicco.

33. Defendant Weeks Jr. is personally and jointly and severally liable for the violations of the FLSA and NYLL by Defendant Bellacicco.

## FACTUAL ALLEGATIONS

34. From approximately February 1, 2018 to February 23, 2020, Plaintiff Gomez was employed by Defendant Bellacicco.

35. Plaintiff Gomez worked for Defendant Bellacicco at 105-35 180th Street, Jamaica, NY 11433.

36. Plaintiff Gomez worked for Defendant Bellacicco as a Warehouse Worker.

37. From February 1, 2018 to February 23, 2020, Plaintiff Gomez worked six (6) days per week at Defendant Bellacicco.

38. From February 1, 2018 to February 23, 2020, Plaintiff Gomez worked in excess of forty (40) hours per week.

39. That at all times herein relevant, Plaintiff Gomez would work at Defendant Bellacicco from 8:00 p.m. to 4:00 a.m. (approximately 8 hours per day).

40. That at all times herein relevant, Defendants paid Plaintiff Gomez in cash for the duration of his employment duration with Defendants.

41. That at all times herein relevant, Defendants paid Plaintiff Gomez $450.00 per week ($9.37 per hour).

42. That at all times herein, Plaintiff Gomez only received $450.00 per week (below the applicable minimum wage for that period).

43. That at all times herein relevant, Defendants failed to pay Plaintiff Gomez at the required and promised minimum wage rate.

44. That at all times herein relevant, Plaintiff Gomez worked in excess of forty (40) hours per week.

45. Defendants failed to provide Plaintiff Gomez with a wage notice upon his hire or at any point during his employment

46. Although Plaintiff Gomez worked over forty (40) hours per week, Defendants failed to pay Plaintiff Gomez at the required overtime premium rate.

47. As a result of Plaintiff's complaints of unpaid wages, Defendants terminated his position of employment on approximately February 23, 2020.

48. Defendants retaliated against Plaintiff's complaints of unpaid wages by terminating his position of employment.

49. Defendants knowingly and willfully operated their business with a policy of not paying the proper minimum wage.

50. Defendants knowingly and willfully operated their business with a policy of not paying the FLSA overtime rate (of time and one-half) or the New York State overtime rate (of time and one-half) to the Plaintiff.

51. Defendants failed to provide Plaintiff with accurate IRS Forms W-2 for all of the tax years during which he was employed by Defendants.

52. Defendants failed to properly record, account for, and report to the IRS all monies paid to Plaintiff as compensation for all of the work performed during the course of employment with the Defendants.

53. Defendants failed to properly report Plaintiff's income and withhold amounts listed on W-2 forms as monies withheld.

### FIRST CAUSE OF ACTION
### FLSA-Minimum Wage

54. Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

55. By failing to pay the correct statutory minimum wage for all hours worked, Defendants have violated and continued to violate the FLS, 29 U.S.C. §§ 201 et. seq., including 29 U.S.C. §§206 and 215 (a)(2).

56. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

57. Defendants' failure to pay minimum wage for all hours worked caused Plaintiff to suffer lost wages and interest thereon.

58. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful and have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff.

59. Defendants' violations of the FLSA described above have been willful, and therefore, a three year statute of limitations applies to this matter pursuant to the FLSA, 29 U.S.C. § 255(a).

60. As a result of Defendants' willful violations of the FLSA, Plaintiff is entitled to recover from Defendants his unpaid minimum wages, liquidated damages, pre-judgment interest, post-judgment interest, attorneys' fees, and costs and disbursements of this action pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION
### New York Labor Law – Unpaid Minimum Wage

61. Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

62. Defendants failed to pay Plaintiff the minimum wage to which he is entitled under the NYLL.

63. Defendants have willfully violated the NYLL by knowingly and intentionally failing to pay Plaintiff the minimum hourly wage.

64. As a result of Defendants' willful violations of the NYLL, Plaintiff is entitled to recover from Defendants his unpaid minimum wages, liquidated damages, pre-judgment interest,

post-judgment interest, attorneys' fees, and costs and disbursements of this action pursuant to NYLL §§ 663(1),et seq.

### THIRD CAUSE OF ACTION
### Fair Labor Standard Act – Unpaid Overtime

65. Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

66. Defendants are employers within the meaning of 29 U.S.C §§ 203(e) and 206(a), and employed Plaintiff.

67. Defendants were required to pay Plaintiff one and one-half (1 ½) times the regular rate of pay/applicable minimum wage rate for all hours worked in excess of 40 hours in a workweek.

68. Defendants failed to pay Plaintiff the overtime wages to which he is entitled to under the FLSA.

69. Defendants willfully violated the FLSA by knowingly and intentionally failing to pay Plaintiff overtime wages.

70. Defendants' violations of the FLSA described above have been willful, and therefore, a three year statute of limitations applies to this matter pursuant to the FLSA, 29 U.S.C. § 255(a).

71. As a result of Defendants' willful violations of the FLSA, Plaintiff is entitled to recover from Defendants his unpaid overtime wages, liquidated damages, pre-judgment interest, post-judgment interest, attorneys' fees, and costs and disbursements of this action pursuant to 29 U.S.C. § 216(b).

### FOURTH CAUSE OF ACTION
### New York Labor Law – Overtime Wages

9

72. Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

73. Under the NYLL and supporting New York State Department of Labor Regulations, Defendants were required to pay Plaintiff one and one half (1 ½) times the regular rate of pay/applicable minimum wage rate for all hours he worked in excess of forty.

74. Defendants failed to pay Plaintiff the overtime wages to which he is entitled to under the NYLL.

75. Defendants willfully violated the NYLL by knowingly and intentionally failing to pay Plaintiff overtime wages.

76. As a result of Defendants willful violations of the NYLL, Plaintiff is entitled to recover his unpaid overtime wages, liquidated damages, pre-judgment and post-judgment interest, attorneys' fees, and costs and disbursements of this action pursuant to NYLL §§ 663(1),*et seq*.

## FIFTH CAUSE OF ACTION
### New York Labor Law – Wage Theft Prevention Act

77. Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

78. Defendants violated NYLL § 195(1) by failing to furnish Plaintiff at the time of hiring and on or before February 1st of each subsequent year of employment (when applicable), with a notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designed by the employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office of principal place of business, and a mailing address if different; the telephone number of the employer; and anything otherwise required by law.

79. Due to Defendants' violations of NYLL§ 195(1), Plaintiff is entitled to statutory penalties of $50.00 for each workday that Defendants failed to provide wage notices, up to a maximum of $5,000, reasonable attorneys' fees, costs and injunctive and declaratory relief, as provided by NYLL§ 198(1-b).

80. Defendants violated NYLL § 195(3) by failing to furnish Plaintiff with each payment of wages and accurate statement listing the dates of work covered by that payment or wages; name of employee; name of employer; address and phone number of employer; rate of rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked; gross wages, deductions, allowances, if any, claimed as part of the minimum wage; and net wages.

81. Through their failure to provide Plaintiff with wage statements as required by the NYLL, Defendants have violated NYLL § 190,*et seq*. and the supporting New York State Department of Labor Regulations.

82. Due to Defendants' violation of NYLL§195(3), Plaintiff is entitled to statutory penalties of $250.00 for each workweek that Defendants failed to provide them with accurate wage statements, or a total of $5,000, reasonable attorneys' fees, costs and injunctive and declaratory relief, as provided for by NYLL § 198(1-d).

## SIXTH CAUSE OF ACTION
**New York Labor Law – Record Keeping Violations**

83. Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

84. At all times relevant to this action, Defendants were and are required to establish, maintain and preserve for not less than six years, weekly payroll records that show for

each employee, among other information, true and accurate payroll records and the number of hours worked daily and weekly, including the time of arrival and departure of each employee. NYLL § 195(4); 12 N.Y.C.R.R. § 142-2.6.

85. Defendants violated the applicable NYLL and NYCRR provisions by not maintaining and preserving Plaintiff's time of arrival and departure.

## SEVENTH CAUSE OF ACTION
**NYLL – Retaliation**

86. Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

87. Plaintiff was an employee of Defendants within the meaning of the NYLL.

88. Defendants are employers within the meaning of the NYLL.

89. NYLL § 215(1) states, in part, "No employer or his or her agent, or the officer of agent of any corporation, partnership, or limited liability company…shall discharge, threaten, penalize or in any other manner discriminate or retaliate against any employee (i) because such employee has made a complaint to his or her employer…or his or her authorized representative…that the employer has engaged in conduct that the employee, reasonably and in good faith, believes violates any provision of this chapter…[or] (iii) because such employee has caused to be instituted or is about to institute a proceeding under or related to this chapter…or (v) because such employee has otherwise exercised rights protected under this chapter…"

90. While employed by the Defendants, Plaintiff complained to the Defendants about Defendants' unlawful practices, policies and procedures of not being paid proper wages and misclassifying him as an independent contractor.

91. Plaintiff's complaints to Defendants constituted a protected activity under NYLL § 215.

92. A causal connection exists between Plaintiff's complaints of improper pay practices and misclassification, and Defendants' decision to terminate his employment.

93. Further, Defendants threatened Plaintiff after they became informed that Plaintiff was intending to commence a lawsuit against Defendants for improper pay practices and misclassification as an independent contractor.

94. Defendants violated NYLL § 215 by retaliating against Plaintiff by threatening Plaintiff and terminating his employment due to his complaints about Defendants' unlawful pay practices, policies and procedures and misclassification as an independent contractor.

### EIGTH CAUSE OF ACTION
**CIVIL DAMAGES FOR FRAUDULENT FILING OF INFORMATION RETURNS UNDER 26 U.S.C. §7434(a)**

95. Plaintiff repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

96. By failing to provide Plaintiff with accurate IRS Forms W-2 for all of the tax years during which he was employed by Defendants, and failing to properly record, account for, and report to the IRS all monies paid to Plaintiff as compensation for all of the work performed during the course of employment with the Defendants, and failing to properly report employee income and withhold amounts listed on W-2 forms as monies withheld, Defendants filed fraudulent information returns with the IRS, in violation of 26 U.S.C. §7434.

97. Under the Internal Revenue Code, "[i]f any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such person may bring a civil action for damages against the person so filing such return." 26 U.S.C. § 7434(a).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

A. A declaratory judgment that the practices complained of herein are unlawful under applicable state and federal law;

B. Declaring that Defendants have violated the minimum wage provisions of the FLSA, NYLL and supporting New York State Department of Labor Regulations;

C. Declaring that Defendants violated the overtime provisions of the FLSA, NYLL and supporting New York State Department of Labor Regulations;

D. Declaring that Defendants violated the notice provisions of the NYLL and Wage Theft Prevention Act;

E. Declaring that Defendants violated the provisions of 26 U.S.C. §7434;

F. Declaring that the Defendants retaliated against Plaintiff by terminating his employment due to his complaints of unlawful pay practices, policies and procedures and misclassification as an independent contractor and awarding Plaintiff a recovery for damages sustained;

G. Enjoining future violations of the FLSA and NYLL by Defendants;

H. Declaring that Defendants' violations of the FLSA and NYLL were willful;

I. Awarding Plaintiff unpaid minimum wages;

J. Awarding Plaintiff unpaid overtime wages;

K. Awarding Plaintiff statutory penalties for Defendants failure to furnish wage notices and/or wage statements pursuant to the NYLL.

L. Awarding Plaintiff liquidated and/or punitive damages in amount equal to the total amount of wages found to be due, pursuant to the FLSA and NYLL;

M. Awarding damages to the Plaintiff, retroactive to the date of his termination, for all lost wages and benefits resulting from the Defendants' unlawful employment practices in an amount that exceeds the jurisdictional limit of all lower courts;

N. Awarding Plaintiff reasonable attorney's fees, costs and expenses of the action under the FLSA and NYLL; and,

O. Awarding Plaintiff pre-judgment and post-judgment interest under the FLSA and NYLL; and

P. Awarding such other and further relief as the Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury.

Dated: June 25, 2020

      New York, New York

      Respectfully submitted,

      **AKIN LAW GROUP PLLC**

      */s/ Leopold Raic*
      _____
      Leopold Raic Esq. (LR4202)
      45 Broadway, Suite 1420
      New York, NY 10006
      Telephone: (212) 825-1400
      *Attorneys for Plaintiff*