# AKIN LAW GROUP PLLC

**45 BROADWAY**
**SUITE 1420**
**NEW YORK, NEW YORK 10006**
Tel.  (212) 825-1400     Fax.  (212) 825-1440

ZAFER A. AKIN
ROBERT D. SALAMAN

JUSTIN AMES
OLENA TATURA
KAYLA S. CALLAHAN

----------------------------------

--------------------------------------

July 14, 2021

**Via ECF**

Honorable Taryn A. Merkl
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

   **Re:** *Roberto Gomez v. Bellacicco Distribution Corp., et al.*
      Case No. 20-CV-2820 (ARR) (RLM)
      **Joint Letter Motion for Cheeks FLSA Settlement Approval**

Dear Judge Merkl:

  We represent the Plaintiff Roberto Gomez ("Plaintiff" or "Gomez") in the above-referenced matter.  After extensive conversations, the parties are pleased to report to the Court that they have a reached a settlement.  We respectfully now seek Your Honor's approval of the attached Proposed Settlement Agreement (Exhibit A).

  The Parties have concluded that the Proposed Settlement Agreement is fair, reasonable, adequate and in the Parties' mutual best interests.  For these reasons and based on the reasons set forth below, the Parties jointly and respectfully request that the Court enter an Order approving the Settlement Agreement as fair and reasonable.

  **I.** **The Proposed Settlement Agreement Is Fair and Reasonable**

  In order for the parties Proposed Settlement Agreement to take effect, the Court must scrutinize and approve the Agreement.  *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 2015 U.S. App. LEXIS 13815 (2d Cir. 2015).  The Court should approve the Settlement, so long as it "reflects a reasonable compromise of disputed issues [rather] than mere waiver of statutory rights brought about by an employer's overreaching." *Le v. Sita Information Networking Computing USA, Inc.*, No. 07 Civ. 0086, 2008 U.S. Dist. LEXIS 46174 at *2 (E.D.N.Y. June 12, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)); see also *Kopera v. Home Depot USA, Inc.*, No. 09 Civ. 8337, 2011 U.S. Dist. LEXIS 71816, at *2 (S.D.N.Y. 2011) ("If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved.").  Relevant factors include: "(1) the plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the

**AKIN LAW GROUP PLLC**
45 BROADWAY
SUITE 1420
NEW YORK, NEW YORK 10006
Tel.  (212) 825-1400    Fax.  (212) 825-1440

seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion." *Beckert v. Roniburov*, 2015 WL 8773460, at *1 (S.D.N.Y. 2015) quoting *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012).

In this action, Plaintiff, a former employee of Defendants' Bellacicco Distribution Corp., Michael Weeks and Michael Weeks Jr., (collectively, "Defendants"), alleges that the Defendants violated the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") by failing to pay minimum wage, overtime, spread of hours, failing to provide a statutory wage notice and wage statements and fraudulently filing formation returns.

Plaintiff alleges that he worked for the Defendants from February 1, 2018 to February 23, 2020 primarily loading and unload trucks for bread orders from bakeries.  Plaintiff worked for the Defendants at the warehouse located at 105-35 85th 180th Street, Jamaica NY 11433. Plaintiff alleges that he worked from 8pm to 4am (8 hours per day), Sunday to Friday (6 days per week), for a total of 48 hours per week.  Gomez was paid $450.00 per week in cash.

As such, Plaintiff alleges that he is owed $30,558.00 in unpaid minimum wage and overtime, $30,558.00 in liquidated damages, plus an additional $15,000.00 in civil statutory damages for the failure to provide a wage statement, proper wage notices and for the fraudulent filing of information of returns.

Defendants' contend that Plaintiff worked less hours and had a shorter span of employment than he claims.  Specifically, Defendants' claim that Plaintiff in fact was employed by his step-father Robert Mansour, not Defendants, for several months between February 2018 and February 2020.  Further, Defendants have witnesses who will testify that Plaintiff worked less than eight hours per day.

Given the risks for both sides in the litigation, the Proposed Agreement awarding the Plaintiff the total sum of $50,000.00 is fair and reasonable for a number of reasons.  First, the Settlement Agreement is a fair financial compromise given the dispute over the length of Plaintiff's employment and Plaintiff's hours worked.  Second, the Settlement Agreement will spare the parties the expense of conducting a trial.  Third, the Settlement Agreement provides the Plaintiff with an immediate recovery, as opposed to a delayed recovery, a paper judgment or none at all.  Fourth, the Settlement Agreement allows the parties to avoid the litigation risks set forth above.  Fifth, the Settlement Agreement is the result of hard-fought, arm's-length bargaining between experienced counsel and a mediation session with Raymond Nardo.  The parties' attorneys focus on litigating wage and hour cases, such as this one, and negotiated the settlement over the course of a mediation session and extended subsequent conversations. Finally, as evidenced by the arm's-length negotiation, there was no fraud or collusion.

**AKIN LAW GROUP PLLC**
45 BROADWAY
SUITE 1420
NEW YORK, NEW YORK 10006
Tel. (212) 825-1400    Fax. (212) 825-1440

## II.   The Attorney's Fees Are Fair and Reasonable

Under the settlement, Plaintiff's counsel, Akin Law Group PLLC, receives $17,595.67 for its attorney's fees and costs. Costs are $929.00 for filing the complaint and service (expenses attached as Exhibit B). Leopold Raic and I are the two attorneys at Akin Law Group PLLC who worked on Plaintiff's file.

Mr. Raic is an attorney in good standing with the New York State Bar (admitted in 2001), and the Southern and Eastern District Courts of New York (admitted in 2015). He has worked extensively in the field of employment litigation (including wage and hour), in both state and federal courts, on the plaintiff side. Mr. Raic has an unblemished record practicing law for almost 20 years. His rate is $300.00 per hour.

I, Robert Salaman, am an attorney in good standing with the New York State and New Jersey State Bars (admitted in 2013), the District Court of New Jersey and the Southern and Eastern District Courts of New York (admitted in 2013). I became a full time associate attorney at Akin Law Group upon admission to the New York and New Jersey State Bars in 2013, and was promoted to Partner in 2020. I have worked extensively in the field of employment litigation (including wage and hour), in both state and federal courts, on both the plaintiff and management side. My accolades were recognized by Super Lawyers / New York Metro, which named me a Rising Star from 2015 to 2020. My rate is $400.00 per hour.

"Where a proposed settlement of FLSA claims includes the payment of attorney's fees, the Court must also assess the reasonable of the fee award." *Wolinsky v. Scholastic, Inc.*, 900 F.Supp.2d 332, 336 (S.D.N.Y. 2012). As the *Wolinsky* court explained:

> In an individual FLSA action where the parties settled on the fee through negotiation, there is a greater range of reasonableness for approving attorney's fees. Nevertheless, even in such cases, the Court must carefully scrutinize the settlement and the circumstances in which it was reached, if only to ensure that the interest of plaintiff's counsel in counsel's own compensation did not adversely affect the extent of the relief counsel procured for the clients.

*Id.* (internal citations and quotations omitted).

Here, based on the exchange of party information, settlement negotiations and the litigation risks, the Court can reasonably infer that the Plaintiff's recovery has not been adversely affected by counsel's interest in its own compensation. In addition, the costs and fees requested are in accordance with the Plaintiff's engagement agreement with counsel, which provided that counsel would receive his reasonable attorney's fees and be reimbursed for costs incurred.

The attorney's fees and costs amount of $17,595.67 is reasonable under the lodestar approach which courts typically apply in FLSA cases. *See e.g. Gomez, supra,* 2014 U.S. Dist. LEXIS 45580, at *28. Assuming that the Court's "authority to reduce a statutory fee award by reason of the plaintiff's 'partial or limited success'" applies in cases like this one where the fee

# AKIN LAW GROUP PLLC

**45 BROADWAY**
**SUITE 1420**
**NEW YORK, NEW YORK 10006**
Tel.  (212) 825-1400     Fax.  (212) 825-1440

amount has already been settled., *Cf. Picerni v. Bilingual Selt & Preschool, Inc.,* 925 F.Supp.2d 368, 37, n.37 (E.D.N.Y. 2013) (noting uncertainty as to "whether the court can or should determine the reasonableness of the fee claimed by plaintiff's attorney, and if it undertakes such a determination, what is the applicable standard"), no such reduction is warranted here.

      Indeed, the agreed amount of $17,595.66 is already lower than the approximately $17,900.00 indicated on Plaintiff's counsel's billing records (attached as Exhibit C).  Courts have held that a standard one-third settlement for attorney's fees is "consistent with the trend in this Circuit."  *Kochilas v. National Merchant Servs., Inc.*, 2015 WL 5821631, at *8 (E.D.N.Y. 2015); *Nojera v. Royal Bedding Co., LLC*, 2015 WL 3540719 at *3 (E.D.N.Y. 2015) (noting that one-third contingency fees "are commonly accepted in the Second Circuit in FLSA cases"). **In this case, the attorney's fees Plaintiff's counsel is recovering is exactly 33% of the Plaintiff's recovery.**

      Given Plaintiff's counsel's significant experience representing plaintiffs in wage and hour litigation, Plaintiff's counsel was able to obtain an excellent result with relatively low expense due to the Parties' cooperative exchange of information and frequent negotiations.  Accordingly, the time spent by Plaintiff's counsel on this case was reasonable.

      Accordingly, we respectfully request that the Court approve the Settlement Agreement and dismiss this case with prejudice.  We thank Your Honor for your time and attention to this matter.

      Very truly yours,

      **Akin Law Group PLLC**

      */s/ Robert D. Salaman*
      _____
      Robert D. Salaman

cc: All counsel of record (via ECF)